UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER J. CODE,<br><br>　Plaintiff,<br><br>　　v.<br><br>JOHN M. McHUGH, SECRETARY OF THE ARMY,<br><br>　Defendant. | Civil Action No. 15-cv-00031 (CKK) |

MEMORANDUM OPINION
(October 19, 2015)

Plaintiff filed suit on January 9, 2015 against Defendant John M. McHugh, Secretary of the Army ("Defendant"). Plaintiff seeks a judicial review of a final decision of the Army Board for Correction of Military Records ("ABCMR") denying Plaintiff's request to correct his military records and determine that he does not owe a debt of $44,200 to the Department of Defense. Presently before the Court is Defendant's [10] Motion for a Voluntary Remand and Motion for Stay of Proceedings. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS Defendant's Motion for a Voluntary Remand and Motion for Stay of Proceedings. For the reasons stated below, the Court remands to the ABCMR for further proceedings consistent with this Memorandum Opinion. This case will be stayed pending the ABCMR's final decision on remand.

---

1 The Court's consideration has focused on the following documents: Complaint, ECF No. [1] ("Compl."); Def.'s Mot. for a Voluntary Remand and Mot. for Stay of Proceedings ("Def.'s Mot."), ECF No. [10]; Pl.'s Opp'n to Def's Mot. for a Voluntary Remand and Mot. for Stay of Proceedings ("Pl.'s Opp'n"), ECF No. [11]; and Def.'s Reply to Pl.'s Opp'n ("Def.'s Reply"), ECF No. [12].

## I. BACKGROUND

As stated in the complaint, Plaintiff was a Lieutenant in the Navy until his honorable discharge in February 2009, and currently is a member of the Navy Individual Ready Reserves. Compl. ¶ 3. On or shortly after September 30, 2010, Plaintiff received a letter from the Defense Finance and Accounting Service, stating that he owed a debt to the Department of Defense ("DoD") in the amount of $44,200.00. *Id.* ¶ 43. The letter indicated that the debt was due to a larceny charge reported in a Report of Investigation prepared by the Army Criminal Investigation Command. *Id.* This letter was Plaintiff's first notice of the alleged debt and the larceny charge. *Id.*

The investigation performed by the Army Criminal Investigation Command concerned events surrounding Plaintiff's enrollment of his children in a DoD school located at Ft. Buchanan, San Juan, Puerto Rico ("the Ft. Buchanan school") between 2007 and 2008. *Id.* ¶¶ 29-40. It was alleged that Plaintiff had fraudulently enrolled his children in the school by providing false information on the official application. *Id.* The Report of Investigation concluded that there was probable cause to believe that Plaintiff had committed the alleged crimes,[2] resulting in a loss to the government in the amount of $44,200.00. *Id.* ¶ 31. On December 4, 2008, the U.S. Attorney's Office, San Juan, Puerto Rico, declined prosecution of Plaintiff, referring any further action to DoD or Plaintiff's chain of command. *Id.* ¶ 39. No disciplinary or adverse administrative action was taken by Plaintiff's chain of command against him as a result of the investigation. *Id.* ¶ 40.

On or about September 28, 2010, the Army Criminal Investigation Command "presented

---

[2] The Report of Investigation found that there was probable cause to believe that Plaintiff committed the crimes of False Official Statement (U.S.M.J., art. 107) and Larceny (U.S.M.J., art. 121). Compl. ¶ 31.

documentation and a structured time line of events" to the Defense Finance and Accounting Service with the intent that it pursue collection of the $44,200.00.  *Id.* ¶ 42.  The Defense Finance and Accounting Service "accepted financial responsibility for the $44,200.00 loss" and agreed to collect the debt from Plaintiff.  *Id*.  After Plaintiff protested the debt, the Defense Finance and Accounting Service informed Plaintiff that the debt would remain valid until the Army Criminal Investigation Command overturned its prior determination.  *Id.* ¶ 52.

In January 2013, pursuant to the Privacy Act, Plaintiff formally requested that the Army Criminal Investigation Command amend the Report of Investigation and conduct an operational review in connection with the referral of the Report of Investigation to the Defense Finance and Accounting Service.  *Id.* ¶ 42.  On April 9, 2013, the Army Criminal Investigation Command denied Plaintiff's request for amendment.  *Id.* ¶ 49.  In a second letter dated May 3, 2013, the Army Criminal Investigation Command addressed the referral issue, stating that it has "no role in pursuit of debt collection," and that "[a]ll appeals in regard to debt collection must be submitted to [the Defense Finance and Accounting Service]."  *Id.* ¶ 51.

On September 26, 2013, Plaintiff submitted his petition for the correction of his military records to the ABCMR, appealing the adverse decision of the Army Criminal Investigation Command with respect to his Privacy Act request.  *Id.* ¶ 51.  Plaintiff requested the following relief from the ABCMR:  (a) that the Report of Investigation be expunged or alternatively amended to show the offenses as "unfounded"; (b) that a "CRDA" filed with respect to Plaintiff be expunged;[3] and (c) that the debt assessed by the Defense Finance and Accounting Service be

---

[3] On October 20, 2010, the "Agent in Charge" of the Florida Fraud Resident Agency branch of the Criminal Investigation Command executed an allegedly improper Commander's Report of Disciplinary Action Form DA 4833 ("CRDA").  Compl. ¶ 44.  The facts related to the execution of the CRDA are not relevant to the present motion before the Court.

cancelled. *Id.* ¶ 53. On August 12, 2014, the ABCMR declined Plaintiff's requests and affirmed the Army Criminal Investigation Command's decision to deny an amendment to the Report of Investigation. *Id.* ¶ 55.

On January 9, 2015, Plaintiff filed this action, alleging that the ABCMR's decision violated the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("APA"). *Id.* ¶ 57. Plaintiff argues that the ABCMR's decision was arbitrary and capricious, an abuse of its discretion, or otherwise not in accordance with the law. *Id.* Plaintiff contends that the ABCMR's decision was "rife with material errors," specifically that (1) the ABCMR cited and applied the wrong regulation when describing the applicable policy governing the eligibility of Plaintiff's children to attend the Ft. Buchanan school; (2) the ABCMR disregarded the applicable legal standard and applied an unreasonable burden of proof with respect to the amendment of the Report of Investigation; (3) the ABCMR ignored the presumption of administrative regularity and required Plaintiff to disprove a potential irregularity that may have explained the CRDA; and (4) the ABCMR failed to address the referral of the Report of Investigation to the Defense Finance and Accounting Service. *Id.* ¶ 56.

On April 22, 2015, Defendant filed the present motion for voluntary remand, requesting that the ABCMR have the opportunity to "address the inadequacies of its August 12, 2014 decision raised by Plaintiff in his complaint." Def.'s Mot. at 3.

## II.   LEGAL STANDARD

Administrative agencies have the inherent power to reconsider their own decisions through a voluntary remand. *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008). The decision whether to grant an agency's request to remand is left to the discretion of the court. *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). A court may

grant an agency's request to remand "(i) when new evidence becomes available after an agency's original decision was rendered, or (ii) where intervening events outside of the agency's control may affect the validity of an agency's actions." *Carpenters Indus. Council*, 734 F. Supp. 2d at 132 (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1028 (Fed. Cir. 2001)).  Even in the absence of new evidence or intervening events, voluntary remand may be appropriate where an "agency requests a remand (without confessing error) in order to reconsider its previous position," or where the agency "believes that its original decision is incorrect on the merits and wishes to change the result." *SKF*, 254 F.3d at 1029.  In such cases, voluntary remand is usually appropriate if the agency expresses a "substantial and legitimate" concern about the agency's earlier decision.  *SKF*, 254 F.3d at 1029, *Sierra Club*, 560 F. Supp. 2d at 23.  A court, however, should deny an agency's request to remand where the request is "frivolous or in bad faith." *Sierra Club*, 560 F. Supp. 2d at 23 (citing *Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998)).

## III.   DISCUSSION

Defendant requests voluntary remand of Plaintiff's claims to the ABCMR so that the ABCMR may "fully consider the issues raised in Plaintiff's application for correction of his records." Def.'s Mot. at 1.  Defendant argues that voluntary remand is appropriate so that the ABCMR "can address the inadequacies of its August 12, 2014 decision raised by Plaintiff in his complaint." *Id.* at 3.  Specifically, under the voluntary remand sought by Defendant, the ABCMR would consider Plaintiff's allegations that (1) the ABCMR applied the incorrect regulation when determining that Plaintiff's children were not eligible to attend the Ft. Buchanan School and (2) the ABCMR failed to review the Criminal Investigation Command's referral of the Report of Investigation to the Defense Finance and Accounting Service, mistakenly believing

that aspect of Plaintiff's request was still pending an operational review by the Criminal Investigation Command. *Id.* at 2-3. Plaintiff opposes Defendant's motion, arguing that the ABCMR's application of the wrong regulation is immaterial to the primary defect of the ABCMR's decision and to the relief sought by Plaintiff. *See* Pl.'s Opp'n at 4-5. Plaintiff also contends that the ABCMR's failure to review the referral to the Defense Finance and Accounting Service does not mandate remand, and that the equities favor denial of Defendant's motion. *See id.* at 6-7. The Court is not persuaded by Plaintiff's arguments and finds that voluntary remand is appropriate because Defendant has expressed "substantial and legitimate" concerns about the ABCMR's August 12, 2014 decision.

Courts in this circuit commonly grant motions for voluntary remand, "preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *See Ethyl Corp. v. Browner*, 989 F.2d 522, 524 n.3 (D.C.Cir.1993) (citing cases); *Carpenters Indus. Council*, 734 F.Supp.2d at 132; *Sierra Club*, 560 F. Supp. 2d at 23. As such, "if the agency's concern is substantial and legitimate, a remand is usually appropriate." *SKF*, 254 F.3d at 1029. Here, Defendant raises several "substantial and legitimate" concerns about the ABCMR's August 12, 2014 decision.

### A. Defendant Raises a "Substantial and Legitimate" Concern regarding the ABCMR's Application of the Incorrect Regulation when Determining whether Plaintiff's Children were Eligible to Attend the Ft. Buchanan School.

First, Defendant seeks voluntary remand in order to correct a mistake made by the ABCMR, namely that the ABCMR applied the incorrect regulation in determining whether

Plaintiff's children were eligible to attend the Ft. Buchanan school.  *See* Def.'s Mot. at 2.[4] Defendant's concern regarding the ABCMR's mistake is "substantial and legitimate" and certainly not "frivolous or in bad faith."  *Sierra Club*, 560 F. Supp. 2d at 23.  The eligibility of Plaintiff's children to attend the Ft. Buchanan school is a critical point addressed in both the Report of Investigation and the ABCMR's review of that report.  *See* Compl. ¶¶ 58-67, Exhibit A at 8, 10.  Plaintiff's allegations make clear that applying the correct regulation is necessary for the ABCMR to ascertain whether the Army Criminal Investigation Command had a proper basis for determining that probable cause existed to believe that Plaintiff may have committed a crime. *See* Compl. ¶¶ 58-67.  Moreover, Plaintiff himself identifies the ABCMR's application of the incorrect regulation as one of the four "material errors" allegedly made by the ABCMR in its August 12, 2014 decision.  Compl. ¶ 56.

Despite Plaintiff's own allegations, Plaintiff now opposes Defendant's motion for voluntary remand, arguing that the ABCMR's application of the wrong regulation is "immaterial" to the primary defect of the ABCMR's decision and to the relief sought by Plaintiff.  *See* Pl.'s Opp'n at 5.  Plaintiff contends that the dispositive issue in this case is that the ABCMR "abrogated the proper standard of review, and imposed an unfair and unreasonable burden" on Plaintiff to "produce evidence proving that the Registrar committed an error."  *Id.* Plaintiff contends that upon remand, the ABCMR will apply the "same erroneous standard but

---

[4] Specifically, the ABCMR stated that DoD Education Activity Regulation 1342.13 was the applicable regulation; however, that regulation governs "Eligibility Requirements for Education of Elementary and Secondary School-Age Dependents in *Overseas Areas*" (emphasis added). Compl. ¶ 56.  The regulation defines "Overseas Areas" to be any area outside the United States, and specifically identifies the Commonwealth of Puerto Rico as part of the United States.  *Id.* ¶ 64.  Since the Ft. Buchanan school is a *domestic* school located in Puerto Rico, a Commonwealth in the United States, the cited regulation is inapplicable.  *Id.* ¶ 56.  Defendant acknowledges that the ABCMR's reliance on the improper regulation was a "mistake."  Def.'s Reply at 2.

with reference to the correct regulation." *Id.* In apparent support of this argument, Plaintiff cites the D.C. Circuit's decision in *Lutheran Church-Missouri Synod v. F.C.C.*, 141 F.3d 344, 349 (D.C. Cir. 1998). Nowhere in that case, however, does the D.C. Circuit state the propositions argued by Plaintiff. Rather, in *Lutheran Church-Missouri Synod v. F.C.C.*, the D.C. Circuit refused an agency's "novel, last second motion" for voluntary remand to reconsider the agency's decision in light of a non-binding policy statement that was directed only towards the future. *Id.* The D.C. Circuit chided the agency's remand request, stating that "the Commission has on occasion employed some rather unusual legal tactics when it wished to avoid judicial review, but this ploy may well take the prize." *Id.* Here, Defendant is seeking remand to correct a specific and identifiable mistake made by the ABCMR that substantially affected the ABCMR's analysis in its August 12, 2014 decision. Def.'s Reply at 2. Defendant's motion can hardly be characterized as "an unusual legal tactic" made in avoidance of judicial review. By contrast, Defendant's motion for voluntary remand is the type of request commonly granted by courts in this circuit. *See Ethyl Corp.*, 989 F.2d at 524 n.3; *Carpenters Indus. Council*, 734 F.Supp.2d at 132; *Sierra Club*, 560 F. Supp. 2d at 23. Furthermore, by requesting that the Court deny Defendant's motion in order to examine the standard of review applied in the ABCMR's August 12, 2014 decision, Plaintiff is requesting that the Court review a record that both sides acknowledge is incorrect and incomplete. *See Ethyl Corp.*, 989 F.2d at 524. The D.C. Circuit has made clear that reviewing such a record would be an inefficient use of the courts' and the parties' resources. *See id.* Accordingly, where voluntary remand would forestall such a scenario, the appropriate action is to grant the motion to remand. *See id.*

### B. Defendant Raises a "Substantial and Legitimate" Concern regarding the ABCMR's Failure to Address the Criminal Investigation Command's Referral of the Report of Investigation to the Defense Finance and Accounting Service.

Defendant also seeks voluntary remand in order to address an issue that the ABCMR failed to address in its August 12, 2014 decision, namely the Army Criminal Investigation Command's referral of the Report of Investigation to the Defense Finance and Accounting Service. *See* Def.'s Mot. at 2. Defendant's concern regarding the ABCMR's failure is "substantial and legitimate" and certainly not "frivolous or in bad faith." *Sierra Club*, 560 F. Supp. 2d at 23. The ABCMR failed to review the Criminal Investigation Command's referral of the Report of Investigation because it believed that aspect of Plaintiff's request was still pending an operational review by the Criminal Investigation Command. *See* Compl. Exhibit A at 2. The Criminal Investigation Command's referral of the Report of Investigation to the Defense Finance and Accounting Service is integral to Plaintiff's claims, as the referral precipitated collection of the $44,200 debt from which Plaintiff seeks relief. *See* Compl. ¶¶ 41-47. Furthermore, Plaintiff has repeatedly challenged the legality of the referral at each stage of this case. *See id.* ¶¶ 2, 54, 56. In his appeal to the ABCMR, Plaintiff contended that the referral "was invalid because there was no authority permitting such action" and that the referral was made in violation of Plaintiff's constitutional right to due process. *Id.* ¶ 54. Now, Plaintiff alleges that the ABCMR's failure to review the referral issue was an abuse of discretion and was one of the four "material errors" allegedly made in its August 12, 2014 decision. *Id.* ¶ 56.

Against the grain of these allegations, Plaintiff now argues that voluntary remand is not appropriate because the ABCMR does not have authority to grant any relief with respect to the referral except through an amendment to the Report of Investigation. Pl.'s Opp'n at 6. Plaintiff contends in his opposition brief that the ABCMR's authority extends only to the correction of

9

military records, but not to actions taken by the Criminal Investigation Command, including the allegedly improper disclosure of Plaintiff's records to the Defense Finance and Accounting Service. *Id.* Plaintiff goes so far as to argue that it "would be pointless" to remand the case so that the ABCMR can review the referral. *Id.* at 7.[5] The Court finds Plaintiff's argument to be counterproductive and in any event, unavailing. Defendant requests voluntary remand so that the ABCMR can correct a mistake made in its August 12, 2014 decision, namely that the ABCMR failed to review the referral because it believed that Plaintiff's request for amendment was still pending an operational review by the Criminal Investigation Command. Compl. ¶ 56. Remand would allow the ABCMR to properly address Plaintiff's claims with regard to the Criminal Investigation Command's referral of Plaintiff's records, and if necessary, clarify the scope of the ABCMR's authority to address such issues. *See* Def.'s Mot. at 2-3. Accordingly, because Defendant's concern regarding the mistake made by the ABCMR is a "substantial and legitimate" concern, voluntary remand is appropriate in this case. *See Ethyl Corp.*, 989 F.2d at 524 n.3; *Carpenters Indus. Council*, 734 F.Supp.2d at 132; *Sierra Club*, 560 F. Supp. 2d at 23.[6]

---

[5] Plaintiff also argues that the pendency of this action does not automatically bar the Secretary from reviewing the discrete issue concerning the referral. *See* Pl.'s Opp'n at 6. Plaintiff, however, cites no authority suggesting that voluntary remand would therefore be inappropriate. By contrast, voluntary remand is frequently the appropriate procedural mechanism in cases such as this one. *See Ethyl Corp.*, 989 F.2d at 524 n.3; *Carpenters Indus. Council*, 734 F.Supp.2d at 132; *Sierra Club*, 560 F. Supp. 2d at 23.

[6] Plaintiff also argues that "the referral issue is inextricably linked to the Board's arbitrary and capricious decision to deny the amendment" of the Report of Investigation and that "if that decision is properly set aside, which is the relief sought, the [ABCMR]'s failure to review the referral . . . is moot." Plaintiff's argument is unavailing. Plaintiff's complaint identifies specific and substantial deficiencies in the ABCMR's August 12, 2014 decision, which Defendant acknowledges and seeks remand so that the ABCMR can correct them. *See* Def.'s Reply at 1-2. Voluntary remand at this stage would promote "judicial economy by allowing the [ABCMR] to reconsider and rectify an erroneous decision without further expenditure of judicial resources." *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). For this reason,

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's [10] Motion for a Voluntary Remand and Motion for Stay of Proceedings. Accordingly, the Court remands to the ABCMR for further proceedings consistent with this Memorandum Opinion. Pursuant to Defendant's request, the Court remands so that the ABCMR may address the inadequacies of its August 12, 2014 decision raised by Plaintiff in his complaint. The ABCMR shall consider, among other issues, Plaintiff's allegations that (1) the ABCMR applied the incorrect regulation when determining that Plaintiff's children were not eligible to attend the Ft. Buchanan School and (2) the ABCMR failed to review the Criminal Investigation Command's referral of the Report of Investigation to the Defense Finance and Accounting Service.

This case will be stayed pending the ABCMR's final decision on remand.

An appropriate Order accompanies this Memorandum Opinion.

                                                           */s/*
                                                   **COLLEEN KOLLAR-KOTELLY**
                                                   UNITED STATES DISTRICT JUDGE

---

the Court finds it unnecessary to address Plaintiff's argument that the equities would favor denial of the Motion to Remand.